```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
APRIL GALLOP, for Herself and as Mother    :
and Next Friend of ELISHA GALLOP, a        :
minor,                                     :
                                           :       08 Civ. 10881 (DC)
                    Plaintiffs,            :
                                           :
        v.                                 :
                                           :
DICK CHENEY et al.,                        :
                                           :
                    Defendants.            :
------------------------------------------------------------ x
```

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

LEV L. DASSIN<br>
Acting United States Attorney for the<br>
Southern District of New York<br>
Attorney for Defendants

HEATHER McSHAIN
Assistant United States Attorney
86 Chambers Street
New York, New York  10007
Telephone: 212.637.2696
Fax: 212.637.2702
E-mail: heather.mcshain@usdoj.gov

– Of Counsel –

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

THE COMPLAINT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

POINT I. THE COURT SHOULD DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    A. Plaintiffs Have Failed to State a Constitutional Claim. . . . . . . . . . . . 4

        1. Plaintiffs Have Not Alleged Constitutional Violations. . . . . . . 4

        2. Even if Plaintiffs Could Sustain a Claim Under *Bivens*, Defendants are Entitled to Qualified Immunity. . . . . . . . . . . . 8

    B. Plaintiffs' Claims Under the Anti-Terrorism Act Fail to State a Claim. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

    C. All of April Gallop's Claims Are Barred Under the Doctrine of Judicial Estoppel.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

    D. April Gallop's Constitutional Claims Should Be Dismissed As Untimely. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

POINT III. PLAINTIFFS' COMPLAINT OVERALL IS FRIVOLOUS AND MAY BE DISMISSED FOR THAT REASON ALONE. . . . . . . . . . . . . . . . . . . . . . . . . . 13

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

## PRELIMINARY STATEMENT

Defendants Richard Cheney, Donald Rumsfeld, and Richard Myers (collectively, the "defendants") respectfully submit this memorandum of law in support of defendants' motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).

This action—predicated on an alleged conspiracy to cover up the true cause of the events that occurred on September 11, 2001—is legally deficient for a host of reasons and should be dismissed. *First*, the complaint should be dismissed in its entirety pursuant to Rule 12(b)(6) because plaintiffs fail to state a claim upon which relief may be granted with respect to the constitutional violations they allege were committed by defendants, as well as the claims brought under the Anti-Terrorism Act, 18 U.S.C. § 2333(a) (the "ATA").[1] *Second*, all of the claims brought by April Gallop may be dismissed under the doctrine of judicial estoppel. *Third*, the constitutional claims brought by April Gallop may also be dismissed as untimely. *Fourth*, the Court in its discretion may dismiss the complaint in its entirety as frivolous.

For these reasons and others explained below, the complaint should be dismissed in its entirety.

---

[1] In their complaint, plaintiffs refer to this statute as "Acts of Terrorism Causing Injury." *See* Complaint for Violation of Civil Rights, Conspiracy, and Other Wrongs (dated December 15, 2008) ("Complaint") at Third Cause of Action (attached as Exhibit A to Declaration of Heather K. McShain ("McShain Decl."))

## THE COMPLAINT[2]

According to the allegations in the complaint, plaintiff April Gallop was working at the Pentagon on September 11, 2001, with her infant child, plaintiff Elisha Gallop (collectively "plaintiffs"). *See* Complaint at ¶¶ 6, 10. Both plaintiffs sustained injuries on 9/11. *Id.* at 7. Plaintiffs allege that defendants—former Vice President Cheney, former Secretary of Defense Donald Rumsfeld, and former Chairman of the Joint Chiefs of Staff Richard Myers—conspired to allow the hijacking of three commercial airliners that crashed into the World Trade Center and in Pennsylvania:

> The defendants' purpose in aiding and facilitating the attack, and the overall object of the conspirac(ies), was to bring about an unprecedented, horrifying and frightening catastrophe of terrorism inside the United States, which would give rise to a powerful reaction of fear and anger in the public, and in Washington. This would generate a political atmosphere of acceptance in which the new Administration could enact and implement radical changes in the policy and practice of constitutional government in our country. Much of their intention was spelled out prior to their coming into office, in publications of the so-called Project for the New American Century, of which defendants Cheney and Rumsfeld were major sponsors. There they set forth specific objectives regarding the projection of U.S. military power abroad, particularly in Iraq, the Persian Gulf, and other oil-producing areas. They observed, however, that the American people would not likely support the actions the sponsors believed were necessary, without being shocked into a new outlook by something cataclysmic: "a new Pearl Harbor." By helping the attack succeed, defendants and their cohorts created a basis for the seizure of extraordinary power, and a pretext for launching a so-called Global War on Terror, in the guise of which they were free to pursue plans for military conquest, "full spectrum dominance" and "American primacy" around the world; as they have done.

*Id.* at ¶ 2. With respect to the events on 9/11 that occurred at the Pentagon, plaintiffs allege that defendants conspired to blow-up the Pentagon, and that a plane did not crash into the Pentagon. *Id.* at ¶¶ 33-43. Plaintiffs allege that the "official story, that a hijacked

---

[2] The allegations in this section and throughout the brief are taken from plaintiffs' complaint and are presumed to be true only for purposes of this motion. As discussed below, however, plaintiffs' complaint contains allegations which are patently untrue and for which plaintiffs offer no proof but rather wild speculation.

2

plane crashed into the Pentagon and exploded (causing the plaintiff's [*sic*.] injuries), is false." *Id.* at ¶ 4. Plaintiffs speculate that defendants' incentive to blow-up the Pentagon was to cover up missing Department of Defense funds:

> [I]t should be noted that on September *10*, 2001, the day before the attack, Defendant Rumsfeld conducted a press conference at the Pentagon in which he publicly announced that auditors had determined that some 2.3 *trillion* dollars in Defense Department funds—$2.300,000,000,000 [*sic*.]—could not be accounted for. To plaintiff's knowledge and belief, part of the area of the ground floor of the Pentagon that was destroyed in the bombing is a location where records were kept that would be used to trace those funds, and where people worked who knew about them. On information and belief, there has been to this day no public report concerning the fate of those records, or that money.

*Id.* at ¶ 42 (emphasis in original).

Based on these allegations, plaintiffs allege that defendants violated plaintiffs' rights under the First, Fourth, Fifth, and Ninth Amendments and sought damages under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *See* Complaint at Cause of Action One. Plaintiffs also allege a conspiracy to cause death and great bodily harm, as well as claims under the ATA, 18 U.S.C. § 2333(a). *See* Complaint at Cause of Action Two and Three.

## ARGUMENT

### I. THE COURT SHOULD DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM

Pursuant to Rule 12(b)(6), the plaintiffs have failed to state a claim for both constitutional violations and under the ATA. Moreover, under the doctrine of judicial estoppel, there is a basis to dismiss all of the claims brought by April Gallop. And, April Gallop's constitutional claims are untimely.

### A. Plaintiffs Have Failed to State a Constitutional Claim

#### 1. Plaintiffs Have Not Alleged Constitutional Violations

Plaintiffs have failed to state a claim for violations of their First, Fourth, Fifth and Ninth Amendment rights, or that defendants conspired to violate those rights. In *Bell Atlantic Corporation v. Twombly,* 500 U.S. 544 (2007), the Supreme Court addressed the standard for review of a Rule 12(b)(6) motion to dismiss. The Court held that, in order to withstand such a motion, the "[f]actual allegations" contained in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* at 545 (internal citation omitted). The Court also observed that, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 546. Ultimately, the Court instructed, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 547; *accord Benzman v. Whitman*, 523 F.3d 119, 2008 WL 1788401, at *6 (2d Cir. April 22, 2008) (considering the plaintiffs' Bivens claims for alleged violations of their civil rights, and observing that, in *Twombly*, the Supreme Court "somewhat modified the previously applicable standard for assessing the sufficiency of complaints in civil cases and ruled that if a claim was not plausible, it would have to be supported by an allegation of some subsidiary facts to survive a motion to dismiss"); *Ruotolo v. City of New York,* 514 F.3d 184, 188 (2d Cir. 2008) (applying the *Twombly* plausibility standard to the plaintiff's § 1983 claims against the City).[3]

Despite the fact that plaintiffs are represented by counsel in this action, it is wholly unclear from the complaint what constitutional rights plaintiffs allege have been violated. Nevertheless, it is clear that as pled the complaint fails to state a claim for the alleged

---

[3] Generally, case law under 42 U.S.C. § 1983 applies to *Bivens* cases. *Chin v. Bowen,* 833 F.2d 21, 24 (2d Cir. 1987) (quoting *Ellis v. Blum,* 643 F.2d 68, 84 (2d Cir. 1981)).

constitutional violations.

With respect to the First Amendment, the complaint states that "[t]he actions taken against plaintiff in retaliation for her speaking out with questions about the official explanations of what happened violated her rights under the First Amendment, entitling her to a further judgment against those responsible for compensatory damages in such amount as the Jury may determine; and Punitive Damages." Complaint at First Cause Action, Subparagraph (c). The complaint is silent with respect what actions were taken by defendants as a result of statements made by plaintiff, presumably April Gallop, and therefore fails to state a claim. *See Gaston v. Gavin*, 97 Civ. 1645 (JGK), 1998 WL 7217, at *4 (S.D.N.Y. Jan. 8, 1998) (dismissing *Bivens* suit for failure to plead sufficient facts that defendant actually harmed or explicitly threatened to harm plaintiff and provided no evidence of prior restraint or retaliation, noting that "plaintiff's subjective reaction" and "purely conclusory statements" are insufficient to allege the violation of any First Amendment right), *aff'd*, 172 F.3d 37 (2d Cir. 1998) (table).

With respect to the Fourth, Fifth and Ninth Amendments, plaintiffs have failed altogether to allege a protected property or liberty interest rising to constitutional dimensions (Fourth and Fifth Amendments), an unlawful search or seizure of any kind (Fourth Amendment), or a protected privacy interest (Ninth Amendment). The First, Fourth, Fifth, and Ninth Amendment claims must therefore be dismissed.

Plaintiffs also allege that defendants conspired to violate their constitutional rights. To establish such a conspiracy, a plaintiff must, *inter alia*, "provide some factual basis supporting a meeting of the minds, such as that defendants entered into an agreement, express or tacit, to achieve the [violation of plaintiff's constitutional rights]." *Romer v. Morgenthau*, 119 F. Supp. 2d 346, 363 (S.D.N.Y. 2000) (internal quotation marks omitted)

(Section 1983 conspiracy); *accord Ting v. United States*, 927 F.2d 1504, 1512 (9th Cir. 1991) (*Bivens* conspiracy); *Faraq v. United States*, 587 F. Supp. 2d 436, 470-71 (E.D.N.Y. 2008) (same). "'[C]omplaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed.'" *Rosendale v. Bruise,* 07 Civ. 8149 (CS), 2009 WL 778418, at *22 (S.D.N.Y March 25, 2009) (quoting *Ciambrello v. County of Nassau*, 292 F.2d 307, 325 (2d Cir. 2002)); *Walker v. Jastremski,* 430 F.3d 560, 564 n. 5 (2d Cir. 2005) ("[C]onclusory or general allegations are insufficient to state a claim for conspiracy under § 1983 . . . ."). The mere fact that defendants are "involved in the events of which [plaintiff] complains does not establish a conspiracy." *Parker v. City of New York*, No. 05 Civ. 1803 (PKC) (GWG), 2008 WL 110904, at *9 (S.D.N.Y. Jan. 7, 2008). Moreover, it is well-settled that, although "[a] plaintiff is not required to list the place and date of defendants['] meetings and the summary of their conversations when he pleads conspiracy, [ ] the pleadings must present facts tending to show agreement and concerted action." *McIntyre v. Longwood Central School Dist,* No. 07-CV-1337 (JFB) (ETB), 2008 WL 850263, at *11 (E.D.N.Y. Mar. 27, 2008) (internal quotation marks and citations omitted).

In this case, plaintiffs have adduced no evidence whatsoever of a "meeting of the minds" whose conscious objective was to deprive plaintiffs of their constitutional rights.[4]

---

[4] The defendants have interpreted plaintiffs' conspiracy claim as one brought under *Bivens* against defendants in their individual capacities. *See* Complaint at ¶ 8. To the extent plaintiffs' conspiracy claim is brought under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* ("FTCA"), the claim should be dismissed as to both plaintiffs pursuant to Rule 12(b)(1) because the United States has not waived its sovereign immunity with respect to claims that its employees have committed constitutional torts. *See Castro v. United States*, 34 F.3d 106, 110 (2d Cir. 1994). Even if plaintiffs were able to bring their conspiracy claim under the FTCA, the conspiracy claim should still be dismissed as to April Gallop, as well as to her son, Elisha Gallop, because they have not pled that they filed administrative claims within two years of the accrual of their conspiracy claim. Under the FTCA, a plaintiff is not permitted to bring suit against the United States for damages

6

For example, plaintiffs offer no facts to support their allegations that defendants conspired to permit the hijackers to enter the United States and proceed with the events of 9/11:

> It should be noted that plaintiff [*sic*.] cannot and does not know with certainty the outlines of the plot at its initiation. The attacks may have been conceived of as a false-flag operation from the beginning, with the defendants and their operatives as creators, planners, and executors, with the assistance of others as necessary. Or, defendants may have employed Muslin extremists to carry out suicide attacks; or they may have used Muslim extremists as dupes or patsies. The roles of the supposed "nineteen" could have been to hijack the airliners, or simply, unwittingly, to be on the planes when they were crashed into buildings by remote control. It is also possible that the defendants learned of a plot originated by Muslim extremists, and co-opted or overrode it with their own plan. Whatever lay in the minds of the defendant conspirators at the outset, it is clear that the nineteen men so quickly identified as the hijackers, some if not all of them known terrorist suspects, traveling under their own names, simply walked on the four planes that morning, with their "box cutters," without hindrance or incident.

Complaint at ¶ 21. Similarly, plaintiffs provide nothing more than sheer speculation with respect to defendants' conspiracy to accomplish the "failure of the air defense system," *id.* at ¶¶ 22-32; the bombing of the Pentagon, *id.* at ¶¶ 33-46; the "false and fraudulent" account of what happened to Flight 93, *id.* at 47-50; and the overall "cover-up" with respect to the events that occurred on 9/11, *id.* at ¶¶ 51-56. The conspiracy claim must therefore be dismissed for failure to state a claim. *See, e.g.*, *Gaston*, 97 Civ. 1645 (JGK), 1998 WL 7217, at * 6 ("Without any alleged facts to support agreement among the defendants, the plaintiff's [conspiracy claim] must be dismissed.").

---

unless he has first presented his claim to the appropriate federal agency. *See* 28 U.S.C. § 2675(a). Plaintiffs do not allege that they met the statutory prerequisites to bringing suit, nor do they even cite to the FTCA or name the United States as a defendant (the only appropriate defendant in a suit brought under the FTCA). And with respect to plaintiff Elisha Gallop, it is well established under the FTCA that a plaintiff's minority does not toll the running of the statute of limitations. *See Leonhard v. United States*, 633 F.2d 599, 624 (2d Cir. 1980), *cert. denied*, 451 U.S. 908 (1981); *Mendez v. United States*, 655 F. Supp. 701, 705 (S.D.N.Y. 1987) ("It is well settled under the FTCA that plaintiff's minority will not toll the running of the statute of limitations"). Thus, the conspiracy claim alleged in Count II of the complaint should be dismissed as to both plaintiffs to the extent plaintiffs intended it to be brought under the FTCA.

Moreover, to state a claim under *Bivens* a plaintiff must allege that each named defendant personally violated a well-established constitutional right of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Wilson v. Layne*, 526 U.S. 603, 609 (1999). Plaintiffs have alleged neither a clearly established right—as no legal rights whatsoever of plaintiff's were infringed, much less clearly established constitutional ones—nor intentional deprivation. For that reason, too, their constitutional claims in counts one and two of the complaint must be dismissed.

### 2. Even if Plaintiffs Could Sustain a Claim Under *Bivens*, Defendants are Entitled to Qualified Immunity

The doctrine of qualified immunity provides that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow*, 457 U.S. at 818. Public officials are entitled to qualified immunity if: (1) their conduct does not violate clearly established constitutional rights, or (2) it was objectively reasonable for them to believe their acts did not violate those rights." *Martinez v. Simonetti*, 202 F.3d 625, 633-34 (2d Cir. 2000). Under the Supreme Court's recent analysis in *Pearson v. Callahan*, ___ U.S. ___, 129 S. Ct. 808 (2009), the order of the two-prongs of this analysis are no longer mandatory and it is in this Court's discretion to determine "which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the case at hand." *Id*. at 818.

Regardless of the sequence in which the issues are considered, the defendants in this case are entitled to qualified immunity. As already discussed, plaintiffs have failed to allege that defendants violated clearly established constitutional rights. *See supra* Section

A.1.  As a result, defendants are entitled to qualified immunity and counts one and two of the complaint should be dismissed.

**B.     Plaintiffs' Claims Under the Anti-Terrorism Act Fail to State a Claim**

Plaintiffs also allege claims under the ATA, 18 U.S.C. § 2332 *et seq*.  *See* Complaint at Third Cause of Action.  The ATA provides

> Any national of the United States injured in his or her person, property, or business by reason of an act of international terrorism, or his or her estate, survivors, or heirs, may sue therefor in any appropriate district court of the United States and shall recover threefold the damages he or she sustains and the cost of the suit, including attorney's fees.

18 U.S.C. § 2333.  The ATA also provides that "[n]o action shall be maintained under section 2333 of this title against–(1) the United States, an agency of the United States, or an officer or employee of the United States or any agency thereof acting within his or her official capacity or under color of legal authority."  18 U.S.C. § 2337.  In this case, plaintiffs have brought suit not against international terrorists, but against three former government officials who allegedly conspired to blow-up the Pentagon.  *See* Complaint at ¶¶ 11, 33-59 and Third Cause of Action.  Plaintiffs' third cause of action alleging violations of the ATA therefore should be dismissed for failure to state a claim.

**C.     All of April Gallop's Claims Are Barred
        Under the Doctrine of Judicial Estoppel**

April Gallop's claims also should be dismissed pursuant to the doctrine of judicial estoppel, which prevents a party from asserting a factual position in a legal proceeding that is contrary to a position previously taken by that party in a prior legal proceeding.  *See Bates v. Long Island R.R. Co.*, 997 F.2d 1028, 1037 (2d Cir. 1993).  The Second Circuit has articulated two elements that must be present to apply the doctrine, "[f]irst, the party against whom the estoppel is asserted must have argued an inconsistent position in a prior

9

proceeding; and second, the prior inconsistent position must have been adopted by the court in some manner." *Id.* at 1038; *see also Uzdavines v. Weeks Marine, Inc.*, 418 F.3d 138, 147-48 (2d Cir. 2005). Both prongs of the doctrine are present here.

With respect to the first prong, it is clear that April Gallop argued an inconsistent position in a prior proceeding. In *Gallop v. Riggs National Bank*, 04 Civ. 7281 (GBD) (FM), April Gallop alleged that the Riggs Bank's "purported noncompliance significantly contributed to concealing the true source and/or destination of funds passing through accounts at Riggs Bank and ultimately being used for the benefit of terrorists, and ultimately facilitated and significantly contributed to the terrorists being able to complete their terrorist deeds on September 11, 2001." *Gallop v. Riggs National Bank*, 04 Civ. 7281 (GBD), Order, dated December 23, 2008 (attached as Exhibit C to McShain Declaration).[5] Gallop's amended complaint described the "terrorist deeds" to be, "crashing four United States passenger airlines into the New York World Trade Center buildings, the *United State Pentagon*, and into a field in Shanksville, Pennsylvania, killing and injuring thousands of people on the planes and at the crash sites." *Gallop v. Riggs National Bank*, 04 Civ. 7281 (GBD), Amended Complaint (docket entry #17), dated March 23, 2005 (emphasis added) (attached as Exhibit B to McShain Declaration).

Moreover, as to the second prong, the court in *Riggs* clearly adopted April Gallop's position as to the events that occurred on September 11, 2001 that gave rise to her injuries and cause of action, and there is nothing in the record of that case to reflect that Gallop did anything to amend her theory to the extent defendants' purported conspiracy was instead

---

[5] April Gallop did not sue Riggs Bank on behalf of her son, as she has done in the action currently before this Court. As a result, the Government does not assert this theory with respect to plaintiff Elisha Gallop. *But see infra* note 6 (explaining that both April and Elisha Gallop are parties to the *In re September 11 Litigation*, in which they allege that American Airlines Flight 77 crashed into the Pentagon).

10

the cause of her injuries. Indeed, the Order dismissing Gallop's amended complaint was entered on December 23, 2008, eight days *after* plaintiffs filed their complaint in the instant action.[6] As a result, all of April Gallop's claims should be dismissed pursuant to the doctrine of judicial estoppel.

### D.   April Gallop's Constitutional Claims Should Be Dismissed as Untimely

April Gallop's claims brought under *Bivens* (counts one and two of the complaint) should be dismissed as untimely.[7] Actions under *Bivens* are governed by the statute of limitations for personal injuries in the state where the tortious act occurred. *See Wilson v. Garcia*, 471 U.S. 261, 266-67 (1985) (holding that state's personal injury statute of limitations is most appropriate for § 1983 actions), *superceded by statute on other grounds*

---

[6] Plaintiffs made the same allegations in *In re September 11 Litigation*, 21 MC 97 (AKH), a lawsuit for personal injuries they allegedly sustained on September 11, 2001, brought against the commercial airlines and security companies that ran the security checkpoints at the airports from which the hijackers boarded the commercial flights. As in the *Riggs National Bank* case, plaintiffs (April Gallop and Elisha Gallop) alleged that their injuries resulted from terrorists hijacking American Airlines Flight 77 and crashing it into the Pentagon. *See April D. Gallop v. American Airlines, Inc., et al.*, 03 Civ. 1016 (AKH), Order of Final Judgment, dated December 13, 2007 (Docket entry # 49 on the docket) ("WHEREAS, amounts to be paid under the settlement agreement constitute liaility on a claim arising from the terrorist related aircraft crashes on September 11, 2001"); *see also id.*, Fourth Amended Flight 77 Master Liability Complaint. However, defendants cannot as a matter of law cite to plaintiffs' settlement in support of their invocation of the doctrine of judicial estoppel. *See Bates*, 997 F.2d at 1039 (holding that settlement cannot establish judicial endorsement of a party's claims).

[7] It seems that Elisha Gallop's *Bivens* claims are tolled due to his infancy under both New York and Virginia law. *See, e.g., Papa v. United States*, 281 F.3d 1004, 1009-10 (9th Cir. 2002) (applying California tolling statute to infant's *Bivens* claim); *see also Kerstetter v. United States*, 57 F.3d 362, 367 (4th Cir. 1995) ("Virginia provides for a two-year statute of limitations for personal injuries, Va. Code § 8.01-243 A (1992), which is tolled during minority, § 8.01-229A(1)"); *Doe v. Kolko*, 06-CV-2096 (SLT) (MDG), 2008 WL 4146199, at *2 (E.D.N.Y. Sept. 5, 2008) ("In New York, if a plaintiff is an infant at the time a cause of action accrues, the time for commencing the suit is tolled for three years after the individual reaches the age of majority. N.Y. C.P.L.R. § 208. Under N.Y. C.P.L.R. § 105(j), the age of majority is eighteen years."); *Thorn v. New York City Dept. of Soc. Servs.*, 523 F. Supp. 1193, 1203 (S.D.N.Y. 1981) (tolling infant's § 1983 claims under New York law).

*as recognized in Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004); *Owens v. Okure*, 488 U.S. 235 (1989) (holding that federal courts should apply the applicable state general personal injury statute of limitations in § 1983 actions). Federal courts in Virginia apply a two-year statute of limitations.[8] *See Slaey v. Adams*, 1:08-cv-354, 2008 WL 5377937, at *6 (E.D. Va. Dec. 23, 2008) (applying two-year statute of limitations to *Bivens* claim); *see also Reinbold v. Evers*, 187 F.3d 348, 359 n.10 (4th Cir. 1999) (confirming that district court should apply state statute of limitations in *Bivens* cases); Va.Code Ann. § 8.01-243(A) (two-year statute of limitations for personal injury actions). Federal courts in New York apply a three-year statute of limitations period to *Bivens* claims. *See Tapia-Ortiz v. John Doe et al.*, 171 F.3d 150, 151 (2d Cir. 1999); *Kronisch v. United States*, 150 F.3d 112, 123 (2d Cir. 1999); *Chin*, 833 F.2d at 23-24. Here, plaintiffs filed the complaint against defendants on December 15, 2008, more than seven years after the events of September 11, 2001, and well past the New York and Virginia statute of limitations.

Nor is plaintiffs' complaint saved by the doctrine of equitable tolling. While state law supplies the statute of limitations period, "federal law determines when a federal claim accrues." *Eagleston v. Guido*, 41 F.3d 865, 871 (2d Cir. 1994). Under federal law, the limitations period governing plaintiffs' *Bivens* claims will be equitably tolled so long as defendants' concealment of their wrongdoing prevented plaintiffs from becoming aware of, or discovering through the exercise of reasonable diligence, their cause of action. *See Barrett v. United States*, 689 F.2d 324, 327 (2d Cir. 1982) ("[R]ead into every federal statute of limitations is the equitable doctrine that in case of defendant's fraud or deliberate concealment of material facts relating to his wrongdoing, time does not begin to run until

---

[8]  Regardless of whether this Court applies New York or Virginia law, April Gallop's *Bivens* claims are untimely.

plaintiff discovers, or by reasonable diligence could have discovered, the basis of the lawsuit.") (internal punctuation and citation omitted).  The complaint itself vaguely states that defendants "have concealed and continue to conceal, fraudulently, the truth about the attacks and the way they occurred—and their own participation and complicity in the range of acts and omissions needed, in furtherance of conspiracy, to bring them about.  Likewise, the original conspiracy to act secretly in furtherance of terrorism, and lie and dissemble afterwards, in order to foment war and vengeance against the supposed perpetrators, has stayed alive and continued to harm the plaintiff, as she will show."  Complaint at ¶ 13.  However, such vague allegations are insufficient to establish equitable tolling.  *See Eagleston*, 41 F.3d at 871 ("The crucial time for accrual purposes is when the plaintiff becomes aware that he is suffering from a wrong for which damages may be recovered in a civil action.  To permit him to wait and toll the running of the statute simply by asserting that a series of separate wrongs were committed pursuant to a conspiracy would be to enable him to defeat the purposes of the time-bar, which is to preclude the resuscitation of state claims.") (citing *Singleton v. City of New York*, 632 F.2d 185, 192 (2d Cir. 1981), *cert denied*, 451 U.S. 920 (1981)).  Accordingly, April Gallop's *Bivens* claims in counts one and two of the complaint should be dismissed as untimely.

## II. PLAINTIFFS' COMPLAINT OVERALL IS FRIVOLOUS AND MAY BE DISMISSED FOR THAT REASON ALONE

Finally, the complaint in this action is predicated on allegations of a broad conspiracy among defendants and others to bring about or allow to occur the events of 9/11, including a conspiracy to blow-up a portion of the Pentagon:

> [T]he plainly visible pattern of damage on the outside and in other photographic views makes it clear the [Pentagon] was not hit by a plane. There may have been a missile strike, perhaps penetrating through to the back wall, which helped collapse the section that fell in, possibly augmented

13

by explosives placed inside.

Complaint at ¶ 43. As a motive for the conspiracy and explosion, plaintiffs allege that defendants contrived of those acts to, *inter alia*, destroy records that could account for missing Department of Defense funds. *Id.* ¶ 42.

It is well settled that a district court may dismiss a frivolous or delusional complaint, even in a case, such as the present one, where the plaintiff is not proceeding *in forma pauperis*. *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that the authority to dismiss frivolous cases applies not only to *in forma pauperis* cases but also to cases brought by fee-paying plaintiffs); *Cummings v. Giuliani*, No. 00 Civ. 6634 (SAS), 2000 WL 1597868, at *2 (S.D.N.Y. Oct. 24, 2000). The power to dismiss frivolous claims extends not only to "legally frivolous" claims, but also to "factually baseless" claims: those based on allegations that "rise to the level of the irrational or the wholly incredible."[9] *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992); *accord Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989) (factually baseless claims include "claims describing fantastic or delusional scenarios"); *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (same). Courts have not hesitated to dismiss complaints containing delusional

---

[9]   Defendants note for the Court that, as a factual matter, in enacting the Air Transportation Safety and System Stabilization Act, later amended by the Aviation and Transportation Security Act, Congress established that terrorists hijacked four planes on 9/11, one of which was United Flight 77 that was crashed into the Pentagon. *See* § 403 of the Air Transportation Safety and System Stabilization Act, Pub. L. No. 107-42, 115 Stat. 230 (Sept. 22, 2001) ("It is the purpose of this title to provide compensation to any individual (or relatives of a deceased individual) who was physically injured or killed as a result of the terrorist-related aircraft crashes of September 11, 2001.") (amended by the Aviation and Transportation Security Act, Pub. L. No. 107-71, 115 Stat. 597 (Nov. 19, 2001); *see, e.g., Canada Life Assurance Co. v. Converium Ruckversicherung (Deutschland) AG*, 335 F.3d 52, 55 (2d Cir. 2003) (discussing Congress' adoption of the Air Transportation Safety and System Stabilization Act to save the airline industry from the brink of financial collapse following events of 9/11).

conspiracy theories such as plaintiff's'. *See, e.g.*, *Bloom v. United States Government*, No. 02 Civ. 2352 (DAB) (DF), 2003 WL 22327163, at *4–*5 (S.D.N.Y. Oct. 10, 2003) (dismissing claims of a government conspiracy to "murder and lynch" plaintiff and of drugging him to keep him from pursuing the practice of dentistry); *Tyler v. Carter*, 151 F.R.D. 537, 537–38 (S.D.N.Y. 1993) (dismissing case *sua sponte* where plaintiff, a self-identified "cyborg," alleged that individuals including former Presidents Jimmy Carter and Bill Clinton were part of a conspiracy to reinstitute slavery and breed humans for slaughter), *aff'd*, 41 F.3d 1500 (2d Cir. 1994) (table); *George Washington America v. New York Passport Ctr.*, No. 91 Civ. 2731 (MJL), 1991 WL 258763, at *1 (S.D.N.Y. Nov. 27, 1991) (dismissing complaint alleging that the U.S. government, CIA, and communist conspirators used laser beams to weaken plaintiff's ability to concentrate, bugged his telephone, and interfered with his sex life), *aff'd*, 969 F.2d 1042 (2d Cir. 1992) (table).

## CONCLUSION

For all those reasons, the complaint should be dismissed.

Dated:   New York, New York           Respectfully submitted,
         May 6, 2009

                                      LEV L. DASSIN
                                      Acting United States Attorney for the
                                      Southern District of New York
                                      Attorney for Defendants

                             By:      /s/ Heather K McShain
                                      HEATHER K. McSHAIN
                                      Assistant United States Attorney
                                      Telephone: 212.637.2696
                                      Fax: 212.637.2702
                                      E-mail: heather.mcshain@usdoj.gov